310 So.2d 596 (1975)
CITY OF BATON ROUGE
v.
Elijah JACKSON.
No. 55461.
Supreme Court of Louisiana.
March 31, 1975.
*597 Ray C. Dawson, Legal Intern, Charles G. Tutt, Legal Intern, P. Raymond Lamonica, Supervising Atty., Baton Rouge, LSU Clinical Legal Education Program, for plaintiff-relator.
Sam J. D'Amico, D'Amico & Curet, Baton Rouge, for defendant-respondent.
CALOGERO, Justice.
On September 16, 1973 the defendant, Elijah Jackson, was issued two traffic tickets by the Baton Rouge City Police. The first ticket was for running a flashing red light in violation of Section 47 of the Baton Rouge City Traffic Code and the second was for driving while intoxicated in violation of R.S. 14:98. Thereafter he was *598 charged by affidavit with running a flashing red light and, by a second affidavit, with driving while intoxicated, second offense.
On October 10, 1973 the defendant pled guilty to running a flashing red light (and was fined $15.00) and not guilty to driving while intoxicated, second offense. Subsequently he filed a motion to quash the DWI affidavit based upon a plea of former jeopardy. The City Court sustained the motion to quash. Upon the State's application, we granted writs. 302 So.2d 615 (La.1974).
Article 1, Section 9 of the Constitution of 1921 and its counterpart in the 1974 Louisiana Constitution, Article 1, Section 15, provide that no defendant may be placed in jeopardy twice for the same offense.[1] This guarantee is restated in Article 591 of the Code of Criminal Procedure. The requirements for double jeopardy are outlined in Article 596 of the Code of Criminal Procedure:
"Art. 596. Requirements for double jeopardy
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
The Official Revision Comment d to the above article explains:
"(d) Clause (2) of the above Art. 596 is necessary to prevent multiple prosecutions for continuous offenses. For example, possession of stolen goods or narcotics may continue over a long period of time and may involve more than one object. Yet, obviously there should be only one prosecution for what is in effect one criminal course of conduct."
The basis of defendant's argument is that "running a flashing red light and driving while intoxicated constitutes one continuous offense and that by accepting the plea of guilty to running the red light and having a lawful sentence imposed the City became foreclosed from any further prosecution arising out of this activity." He cites State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972) and State v. Didier, 262 La. 364, 263 So.2d 322 (1972) in support of his position that the instant prosecution places him in jeopardy twice for the same conduct. He further argues that the instant prosecution must fall, under the "same transaction" test.
Turning to this last contention first, Louisiana has not adopted a "same transaction" test which would prohibit prosecutions for different crimes committed during one sequential, continuing course of conduct.[2] In State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La. 1974), we made it clear that double jeopardy would not protect an offender who "goes on a crime spree and violates numerous statutory provisions." In State v. Richmond, 284 So.2d 317 (La.1973), double jeopardy did not apply when the defendant was convicted of the second of two murders which were committed during the course of an armed robbery. In State v. Pettle, 286 So.2d 625 (La.1973), a guilty plea to manslaughter of one victim did not make double jeopardy applicable to an attempted murder conviction relating to another victim, despite the fact that the two *599 crimes arose out of what could have been considered a continuing course of conduct.[3]
Similarly defendant's reliance upon Bonfanti and Didier is not well taken. In Bonfanti we affirmed a trial court judgment sustaining the defendant's plea of double jeopardy to a charge of indecent behavior with a juvenile. The basis for this plea was a prior prosecution for and conviction of simple battery upon the same juvenile. Both prosecutions were premised upon the fact that the defendant had grabbed the victim, thrown her to the ground and had placed his hands under her dress. We said there: "This defendant has been previously convicted of a crime (simple battery) for the same conduct for which he now stands accused of `indecent behavior.' The constitution and laws of the State prohibit the second prosecution." 262 La. at 156, 262 So.2d at 507.
Didier was also a case wherein this Court held that conduct punished once as one crime could not again be punished as a different crime. In that case the defendant sheriff had been convicted of malfeasance in office as a result of his participation in a robbery-theft scheme. He was subsequently charged with robbery-theft based upon the conduct which had been punished as malfeasance in office. We held there that "the defendant's malfeasance consisted of his aiding and abetting the robbery-theft by failing to prevent it, to apprehend the participants, or to report the crime. This is the identical conduct which forms the evidence of the essential element to convict the defendant of the present robbery-theft through his so aiding and abetting it. Where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of the former jeopardy. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (decided May 18, 1972); State v. Schneller, 199 La. 811, 7 So.2d 66 (1942); State v. Roberts, 152 La. 283, 93 So. 95 (1922)." 262 La. at 369-370, 263 So.2d at 327-28.
Bonfanti and Didier hold that conduct punished as one crime may not be relabeled a different crime and be punished again.
In a recent expression on the subject of double jeopardy, this Court in Wikberg said "that test [referring to Louisiana's traditional same evidence test] holds that offenses are `the same' if the elements required to support a conviction upon one of the offenses would have been sufficient to warrant a conviction upon another... Stated differently, where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of former jeopardy...." 292 So.2d at 508-09 (citations and footnote omitted).
Defendant essentially is arguing that his traversing of the intersection without stopping coincided in time with his driving a motor vehicle while intoxicated. Accordingly he is contending that the identical conduct once punished on his plea to failing to stop for the flashing red light may not again be punished as the offense of driving while intoxicated.
A closer question would be presented if the defendant had been convicted of both charged crimes and if the sole instance of driving while intoxicated was shown by the evidence to have been through the involved *600 intersection.[4] Even in that circumstance it could be argued that double jeopardy is inapplicable as the gravamen of the DWI differs from that of running a flashing red lightthat of the former is the operation of a motor vehicle while under the influence of alcohol or drugs, that of the latter is the failure to stop at an intersection controlled by a flashing red light. However, the identical conduct aspect might require finding there to be double jeopardy under Bonfanti and Didier.
We need not, however, resolve the aforestated problem for the defendant has not yet been tried on the DWI charge. The state has yet to have an opportunity to show the evidence upon which it will rely to establish the DWI charge. It is quite conceivable that the state will prove operation of a motor vehicle while intoxicated for some point in time other than at the involved intersection. It is further likely that the state will prove (or attempt to prove) that the defendant operated the motor vehicle while intoxicated, with evidence well beyond simply his having been observed traversing the intersection without having stopped for the flashing red light.
In this case it does not appear that one offense is a lesser included offense of the other, nor does it appear that the evidence necessary to support a conviction on one charge would necessitate an acquittal on the other charge or invoke collateral estoppel. The fact that some evidence may be the same in each prosecution is of no moment under these circumstances.
For the above assigned reasons the judgment of the city court sustaining defendant's plea of double jeopardy is reversed and the case remanded for further proceedings.
NOTES
[1] This same guarantee if found in the 5th Amendment to the United States Constitution. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1968) held that guarantee to be applicable to the states.
[2] See for example the concurring opinion of Mr. Justice Brennan in Ashe v. Swenson, 397 U.S. 436, 448, 90 S.Ct. 1189, 1197, 25 L.Ed. 2d 469 (1970).
[3] The defendant had gone to a lounge in Opelousas, seized the victim of the attempted murder conviction, held a knife to her ribs in an effort to force her to leave with him. She escaped when his attention was distracted and he seized the manslaughter victim, who was forced to leave with him. Her body was found less than 15 miles from the Lounge an hour later.
[4] A better argument could be made concerning this if the defendant were charged with traveling on the wrong side of the road and later with reckless driving where the sole evidence of recklessness was traveling on the wrong side of the road.