323 So.2d 797 (1975)
STATE of Louisiana
v.
Simon SMITH, Jr.
STATE of Louisiana ex rel. Simon SMITH, Jr.
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary.
Nos. 56638 and 56792.
Supreme Court of Louisiana.
December 8, 1975.
Dissenting Opinion December 23, 1975.
*798 Samuel T. Singer, Winnsboro, for defendant-appellant in No. 56638 and for defendant-relator in 56792.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don K. Carroll, Dist. Atty., S. E. Lee, Jr., Asst. Dist. Atty., for plaintiff-appellee in No. 56638 and for plaintiff-respondent in 56792.
DIXON, Justice.
This is an out-of-time appeal,[1] consolidated with an application for a writ of habeas corpus, from the defendant's conviction on April 8, 1974 for simple kidnapping. On June 2, 1973 the defendant allegedly forced one Shirley Ann White to accompany him from Winnsboro to Clayton by force of arms and without her consent. No bills of exceptions were taken or perfected during the trial; we are limited to a review for errors discoverable by a mere inspection of the pleadings and proceedings. State v. Donnell, 318 So.2d 3 (La. 1975). We find none.
The application for a writ of habeas corpus, filed here on August 28, 1975, was based on the contention that the trial *799 in district court on the kidnapping charge constituted double jeopardy, since defendant had been previously charged, tried and convicted in municipal court for aggravated assault, displaying a dangerous weapon in a place of business and disturbing the peace, all arising out of the same incident. The trial judge denied the writ, believing the writ application failed to state a cause of action. We cannot agree.
C.Cr.P. 362 provides:
"If the person in custody is being held by virtue of a court order, he shall be discharged if:
......
"(6) He is in custody by virtue of a sentence for an offense for which he could have successfully pleaded double jeopardy and failed to do so;
The plea of double jeopardy may be raised at any time. C.Cr.P. 594. Since the plea of double jeopardy was not raised befor or during the trial, it is properly before us on the denial of the application for a writ of habeas corpus.
The Fifth Amendment to the United States Constitution guarantees that no person shall be twice put in jeopardy of life or limb for the same offense. This guarantee is applicable to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
Article 1, § 9 of the 1921 Louisiana Constitution, and its counterpart in the 1974 Constitution, Article 1, § 15, provide that no defendant may be twice placed in jeopardy for the same offense. Article 591 of the Code of Criminal Procedure restates this guarantee. C.Cr.P. 596 sets forth the requisites for double jeopardy:
"Double jeopardy exists in a second trial only when the charge in that trial is:
"(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
"(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
Louisiana applies the "same evidence" test in determining if a second trial constitutes double jeopardy. City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975). Briefly, this test holds that offenses are the same if the elements required to support a conviction upon one of the offenses would have been sufficient to warrant a conviction upon another of them. Stated differently, where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of former jeopardy. State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974).
In the instant case, the defendant confronted Shirley Ann White, his "common law" wife, in a T G & Y Store in Winnsboro. He allegedly pulled a gun in the store, pointed it at Shirley's head, dragged her into his car and drove away with her. Several persons who were in the parking lot of the store and witnessed the incident panicked at the sight of the gun pointed to her head.
On June 25, 1973 the defendant was tried and convicted in municipal court for the town of Winnsboro for aggravated assault, displaying a dangerous weapon in a place of business and disturbing the peace. On April 8, 1974 he was tried and convicted in district court for simple kidnapping.
In Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), Waller and others removed a canvas mural from the St. Petersburg City Hall. They carried it through the streets, until confronted *800 by the police. A scuffle ensued, the police eventually recovering the mural in a damaged condition. Waller was charged by the City of St. Petersburg with violation of two municipal ordinances, destruction of city property and disturbing the peace. He was convicted on both counts and sentenced to one hundred eighty days in jail. The State then filed an information charging grand larceny. The Florida court, while assuming that the municipal charges were lesser included offenses of the grand larceny charge, held that there was no double jeopardy, adhering to a dual sovereignty theory. In reversing the Florida court, the United States Supreme Court held:
"Thus Grafton, [Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L. Ed. 1084] not Fox v. Ohio [5 How. 410, 12 L.Ed. 213] supra, or its progeny, Bartkus v. Illinois [359 U.S. 121, 79 S. Ct. 676, 3 L.Ed.2d 684] supra, or Abbate v. United States [359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729] supra, controls, and we hold that on the basis of the facts upon which the Florida District Court of Appeal relied petitioner could not lawfully be tried both by the municipal government and by the State of Florida. In this context a `dual sovereignty' theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution." 397 U.S. 387, at 394-395, 90 S.Ct. 1184, at 1188-1189.
Louisiana recognized the import of Waller v. Florida, supra, amending C.Cr.P. 597 to delete the provision that double jeopardy does not apply if the prior prosecution was under a municipal or parochial ordinance.[2]
In State v. Didier, 262 La. 364, 263 So.2d 322 (1972), defendant, already convicted of malfeasance in office, was prosecuted for theft and simple robbery. The basis of the malfeasance charge was that the defendant, a sheriff, knew of a theft and did nothing to prevent it or apprehend those involved. Subsequently, he himself was charged with theft and robbery, because he was a principal in the theft scheme. In upholding a dismissal of the theft and robbery prosecution because they constituted double jeopardy, this court stated:
"Under the present evidence, conceded to be the same for the malfeasance and for the felony (robbery-theft) prosecutions, the identical conduct of the sheriffwithholding information of the Golden crime, failing to prevent it, failing to arrest those who committed it or to report the crime to the district attorneyis essentially the basis for charging him as a principal in the Golden theft or robbery. His malfeasance acts were the principal method by which he committed as a principal the theft or robbery with which now charged." 263 So.2d 322, at 326.
Furthermore, State v. Didier, supra, recognized that the Waller holding is applicable to the states through the Fourteenth Amendment:
"... The same alleged crime cannot be twice punished by the same State by making identical conduct a criminal violation of the law of both the State and one of its subdivisions. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). ..." 263 So.2d 322, at 325.
In the instant case, the trial judge denied the application for a writ of habeas corpus without an evidentiary hearing, stating that the trial in municipal court for assault, displaying a dangerous weapon and disturbing the peace had nothing to do with the district court trial for kidnapping, and that the evidence, issues and testimony *801 were not the same. The record from the municipal court is not before us, and the trial judge, in his reasons for denial of the writ, did not explain how he knew the evidence, issues and testimony were not the same.
Simple kidnapping is the intentional and forcible seizing and carrying of any person from one place to another without his consent. R.S. 14:45A(1). The assault may have been the essential element of the kidnapping; without the record before us, we cannot say. If it was, then the same evidence that supported a conviction in the second trial would have supported a conviction in the first. Therefore, to determine whether the defendant is being twice punished for the same conduct, we remand the case to the district court for an evidentiary hearing on the defendant's application for a writ of habeas corpus.
Accordingly, the conviction and sentence are affirmed on the appeal, but the case is remanded to the district court for an evidentiary hearing, consistent with this opinion, on the defendant's application for a writ of habeas corpus. If defendant is unable to employ counsel, the trial court should appoint counsel for defendant.
SANDERS, C. J., dissents and assigns written reasons.
BOLIN and MARCUS, JJ., dissent.
SANDERS, Chief Justice (dissenting).
Simon Smith, Jr. was convicted in municipal court of aggravated assault, displaying a dangerous weapon in a place of business, and disturbing the peace.
The question presented is whether these convictions, as a matter of double jeopardy, bar his subsequent prosecution for simple kidnapping.
The test is whether the gravamen of the simple kidnapping charge is essentially included in the first offenses, assault, displaying a dangerous weapon, and disturbing the peace. City of Baton Rouge v. Jackson, La., 310 So.2d 596 (1975); State v. Pettle, La., 286 So.2d 625 (1973); 35 La.L.Rev. 505. I think not.
Simple kidnapping is the intentional and forcible seizing and carrying of any person from one place to another without his consent. LSA-R.S. 14:45 A(1). The gravamen of the offense is the seizure and asportation of a person. This gravamen is not essentially included in any of the three minor offenses of which defendant was convicted. Factual connexity of the offenses actually makes no difference. See City of Baton Rouge v. Jackson, supra; State v. Pettle, supra.
For the reasons assigned, I respectfully dissent.
NOTES
[1] State of Louisiana ex rel. Smith v. Henderson, 313 So.2d 843 (La.1975). A post-conviction application was filed in this court June 10, 1975, and the out-of-time appeal was ordered June 23, 1975.
[2] C.Cr.P. 597 read before the 1972 amendment:

"Double jeopardy does not apply to a prosecution under a law enacted by the Louisiana Legislature if the prior jeopardy was in a prosecution under the laws of another state, the United States, or under a municipal or parochial ordinance."