408 So.2d 919 (1981)
STATE of Louisiana
v.
Thomas E. FONTENOT.
No. 81-KA-1098.
Supreme Court of Louisiana.
December 14, 1981.
Rehearing Denied February 5, 1982.
*920 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Dist. Atty., Terry Johnson, Abbott J. Reeves, Charles W. Richard, Asst. Dist. Attys., for plaintiff-appellee.
Charles Schrumpf of Sumpter & Schrumpf, Sulpher, for defendant-appellant.
GARRISON, Justice Ad Hoc[*].
Thomas E. Fontenot was involved in an automobile collision on April 9, 1980, and on May 5, 1980, an Information was filed by an assistant district attorney of the 14th Judicial District of the State of Louisiana charging him with negligent homicide arising out of that accident. The Bill of Information specifically charged that:
"Thomas E. Fontenot, at the Parish of Calcasieu, on or about the 9th day of April in the year of our Lord, One Thousand Nine Hundred and Eighty (Negligent Homicide) did kill one Johnnie D. Long, by the criminal negligent operation of a motor vehicle, to-wit: by driving it while intoxicated and by running a stop sign into the said, Johnnie D. Long, in violation of LSA-R.S. 14:32."
On January 23, 1981, Fontenot pleaded guilty to the charges of driving while intoxicated and running a stop sign and was sentenced on that same date. Subsequently, the defendant filed a motion to quash the negligent homicide prosecution on the ground of double jeopardy. The motion was denied. Thereafter, the defendant pleaded guilty to the negligent homicide charge, reserving his right to appeal the ruling against him on the motion to quash.
This case appears clearly to address the issue of double jeopardy. More specifically, the defendant-appellant contends that the district judge erred in denying his motion to quash for the following reasons: That it would constitute double jeopardy under the Fifth Amendment of the U.S. Constitution, Art. 1, § 15 of the Louisiana Constitution, and Art. 591 of the La.C.Cr.P. to prosecute the defendant after a valid sentence has been imposed upon him on the driving while intoxicated and running a stop sign charge, the conduct and facts upon which the negligent homicide prosecution is based.
The defendant points out that Art. 596 in the La.C.Cr.P. sets forth the criteria with regard to the existence of double jeopardy. It is his contention that Louisiana has formulated or used the "same evidence" test for determining whether or not a prosecution is barred under the doctrine of double jeopardy.
In that regard he makes the following arguments: That the precise test in Louisiana is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first. [Citing State v. Foster, 156 La. 891, 101 So. 255 (1924)] It is unnecessary that one offense be a greater or lesser offense than another. [Citing State v. Suire, 319 So.2d 347 (La., 1975), wherein Justice Tate stated that under Louisiana law it is immaterial if the first prosecution is for a misdemeanor and the second is for a felony. Citing further State v. Diddier, 262 La. 364, 263 So.2d 322 (La., 1972), as well as State v. Foy, 401 So.2d 948 (1981).]
In summary, the central argument of the defendant is that the gravemen of the second offense is essentially included within the offense for which he was first triedas a result of which the second prosecution is barred because of former jeopardy. The gravemen of the negligent homicide, he argues, is the driving while intoxicated and running a stop sign, which caused the accident and death.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the State's Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Art. 1, *921 § 15 of the 1974 Louisiana Constitution contains a similar guarantee.
Whether two offenses are the same for purposes of double jeopardy is established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932):
"... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ...."
284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed.2d at 309. This same rule is constitutionally required of the states. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).
La.C.Cr.P. art. 596 states the requirements for finding that a defendant has twice been placed in jeopardy. That article provides:
"Double jeopardy exists in a second trial only when the charge in that trial is:
"(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
"(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
In determining whether the present offense is the "same offense" or a different grade of it, this court has applied the "Blockburger" test. State v. Steele, 387 So.2d 1175 (La., 1980) State v. Doughty, 379 So.2d 1088 (La., 1980), and the "same evidence" test; State v. Solomon, 379 So.2d 1078 (La., 1980); State v. Smith, 323 So.2d 797 (La., 1975); City of Baton Rouge v. Jackson, 310 So.2d 596 (La., 1975).
In the case at hand, the defendant pleaded guilty of operating a vehicle while intoxicated and running a stop sign. He then moved to quash the negligent homicide charge on the ground of double jeopardy. Applying the "Blockburger test", or "distinct fact" test, each crime requires proof of an element that the other does not. Operating a vehicle while intoxicated is defined as "the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbituates." R.S. 14:98. In order to convict an accused of driving while intoxicated the state need only prove that (1) defendant was operating a vehicle or other conveyance; and (2) that defendant was under the influence of alcoholic beverages or some type of drug. In order to convict a defendant of negligent homicide, however, the state must prove (1) that defendant was criminally negligent, i.e., that there was such disregard of the interest of others that the offender's conduct amounted to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances; and (2) that a killing resulted from this conduct. Each crime requires proof of a fact not required by the other and the "Blockburger" test is satisfied.
Here, then, appears to be the resolution of the initially apparent problem of the instant case. Driving while intoxicated does not require proof of death of the victim. Negligent homicide does. Conversely, negligent homicide requires proof of killing someone. Driving while intoxicated and running a stop sign do not.
Accordingly, each offense requires proof which the other does not and the various offenses, therefore, are not subject to the plea of double jeopardy. Consequently, the argument of the defense is found to be without merit.
For the foregoing reasons, the conviction and sentence of the defendant for the crime of negligent homicide is affirmed.
AFFIRMED.
DIXON, C. J., concurs with reasons.
*922 DIXON, Chief Justice (concurring).
I respectfully concur in the conclusion that there is no double jeopardy here under the Blockburger test. Obviously, as the majority finds, a homicide is an essential element of one offense and not of the other. Driving while intoxicated is an essential element of the other, and would not be an essential element of the negligent homicide, except that it was specified that the negligent homicide was committed "by driving it while intoxicated and by running a stop sign" into the deceased.
It is easily conceivable that a driver might be involved in a fatal accident when driving while intoxicated, or when he has run a stop sign, without being guilty of "criminal negligence," that is, without having "such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." R.S. 14:12.
Criminal negligence, therefore, an essential element of negligent homicide (R.S. 14:32) is the "additional fact" in negligent homicide which is not essential to D.W.I. The Blockburger test is therefore satisfied, since defendant pleaded guilty to criminal negligencea gross deviation below the standard of care of a reasonable man, when he ran a stop sign while drunk and collided with the victim.
NOTES
[*] Judges James C. Gulotta and Jim Garrison of the Court of Appeal, Fourth Circuit, and Bernard J. Bagert of the Criminal District Court, Parish of Orleans, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr. and Fred A. Blanche, Jr.