EDWARDS, Judge.
Ronald D. Austin, convicted of first offense DWI under LSA-R.S. 14:98, applied for a writ of review on December 8, 1983, challenging the sufficiency of the State’s evidence. On December 16, this court ordered the state to file a response to defendant’s application by January 4, 1984. On January 19, after the State had failed to respond as ordered, we granted the application and issued the writ to review the State’s case.
While returning from a Jambalaya Festival late at night, Austin rear-ended a car being driven without taillights on U.S. 61, a major highway just north of La. 621. Arriving at the scene to investigate, State Trooper Doug Robertson noticed, as he approached to question Austin, that his eyes were “red and glassy, and he had a moderate odor of alcohol about his person.” He gave both Austin and the driver of the other car, who admitted to being at fault in the accident, a field sobriety test.* The other driver did well, but Austin “didn’t do quite — didn’t do too well, he did not pass the field sobriety test.”
In the test Robertson required Austin to walk heel to toe for ten paces, turn and retrace his steps in the same way. He testified that Austin swayed when he turned and stumbled as he walked. He then had Austin tilt his head back, close his eyes and touch his nose with his index fingers. Austin failed to touch the tip of his nose, although “he may have touched the bridge of his nose.” Robertson also noticed that Austin’s speech was slurred and the odor of alcohol was stronger when he talked. He concluded that Austin was intoxicated and arrested him for driving while intoxicated.
Robertson admitted on cross examination however that a field sobriety test — indicative at most of impaired motor skills and at least of simple uncoordination — without a chemical or other test of the blood does not conclusively or even reliably determine that a person is intoxicated or under the influence of alcohol or other drugs. Some peo-pie can fail the test even though they are stone sober.
For reasons undisclosed in the record, the results of a photoelectric intoximeter test, which might have allowed the State to rely on the presumption of intoxication as provided in LSA-R.S. 32:662, were not admitted into evidence.
Neither of the other two testifying witnesses — one for the State, the other for the defendant — remembered smelling any alcohol, although they both testified they weren’t paying that much attention. Mr. Masters, the driver responsible for the accident, did remember seeing Austin sway but not stumble. Mr. Paul Villemarette, a disinterested defense witness, was travelling just ahead of Austin in the outside lane. He testified:
A vehicle — the same that I was in — as I approached it I was in very short distance of it I noticed that there were no taillights on the vehicle. I had to swerve to miss the car into the left hand lane. And as soon as I passed it I proceeded back in the right hand lane I looked up in my rear view mirror, and I saw the car that was behind me hit the car that I had to swerve to miss.
He also testified that he did not notice any slurred speech although Austin looked a little dazed after the accident and expressed concern that his wife might be injured.
The inference can be drawn from this testimony that Austin should have been able to see and avoid Masters’ automobile just as Villemarette had done had he not been under the influence.
According to State v. Fontenot, 408 So.2d 919, 921 (La.1981):
Operating a vehicle while intoxicated is defined as “the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbituates.” R.S. 14:98. In order to convict an accused of driving while intoxicated the state need only prove that (1) defendant was operat *604 ing a vehicle or other conveyance; and (2) that defendant was under the influence of alcoholic beverages or some type of drug.
The trial court found the defendant guilty as charged, reasoning that
[the] failing of the field sobriety test in and of itself, does not give a conclusive result. However, the Court feels that when this is compared with the other signs observed by the trooper, and not contradicted, such as the red eyes, glassy eyes, odor of alcohol, (moderate when in the vicinity of the defendant, and stronger when speaking with the defendant), and the slurred speech, together with the fact that the defendant had been at a festival which served alcoholic beverages, although there was no direct evidence of the defendant’s ingestion of alcohol. The Court feels that the State has proven [an impairment of motor skills] due to the ingestion of alcohol, or some other drug ... [and] has met its burden of proof.
The defendant argues first that the State did not prove that he was intoxicated or under the influence of alcohol because Robertson administered an abbreviated and therefore invalid version of the field sobriety test recommended in the State Trooper Training Manual. He required Austin to walk only ten of the recommended twenty paces in the walking test, had him tilt his head back instead of face forward in the finger-to-nose test, and either combined the balance test with the finger-to-nose test or omitted it altogether. We consider these variations too minor to affect the validity of the test.
Second, he argues that because of its general unreliability, the field sobriety test is an invalid means of determining intoxication without more direct (i.e. scientific) proof of alcohol consumption. Notwithstanding the admitted shortcomings of a field sobriety test, we are not prepared to hold that the State must produce direct evidence of alcohol or other drug consumption (such as a chemical analysis of the defendant’s blood) before it can obtain a conviction for drunk driving when there is other reliable circumstantial evidence sufficient to support the finding of intoxication.
In fact, LSA-R.S. 32:662(C), concerning the use of chemical tests, specifically permits the use of other competent evidence bearing upon the question of whether the person was under the influence of alcoholic beverages.
Credibility evaluations to resolve conflicting testimony are evaluations of the weight, not the sufficiency, of the evidence, which are factual determinations solely within the discretion of the trier of fact and not reviewable on appeal. All of the evidence in this ease, including Robertson’s testimony reflecting his observations of the defendant before and during the field sobriety test, is sufficient to support the finding of intoxication, and the trial judge’s decision to credit his testimony, even though contradicted, is a factual matter beyond appellate review. See State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984). We cannot say therefore that no rational trier of fact could have found Austin guilty beyond a reasonable doubt. We must therefore affirm the conviction.
AFFIRMED.
SAVOIE, J., dissents and assigns reasons.