EDWARDS, Judge.
The defendant, Deborah Wheat, was convicted of negligent homicide under LSA-R.S. 14:32, and was sentenced to four years imprisonment at hard labor. She appeals on the ground that there was not sufficient evidence for a rational trier of fact to find guilt beyond a reasonable doubt.
In a non-jury trial the court found the following facts. At approximately 10:30 p.m. on April 30, 1983, Deborah Wheat was driving a 1979 Cadillac on Union Avenue, a well lighted residential area in Bogalusa, Louisiana. She made a turn at a high rate of speed onto Wilmuth Street and proceeded south. She accelerated steadily for about 180 yards with no slowing or braking, weaving all the while back and forth across the road. Farther along on Wil-muth Street, Peter Voltolina had parked his Ford automobile along the northbound lane of travel, partially in the roadway, with its headlights on. Two men were standing out in the street beside the car, speaking with Voltolina who was seated behind the wheel. The Cadillac struck both men and the Ford, killing one man and severely injuring the other.
Deborah Wheat had been seen earlier in the evening at a barroom where she was observed to be unsteady on her feet, but no one saw her actually drinking. Police at the accident scene smelled alcohol on her breath, and they found several empty beer cans in her car. No sobriety test was performed on defendant at any time. There was conflicting testimony as to whether she actually drank anything that night, since her mother and her friend, Rhonda Pierce, both testified that Deborah Wheat had remained sober.
The trial court evaluated the record and held that defendant had been drinking heavily, was drunk, had no business driving a vehicle, and consequently failed to maintain control of her automobile.
LSA-R.S. 14:32 provides in part, “[njegli-gent homicide is the killing of a human being by criminal negligence.” LSA-R.S. 14:12 goes on to say, “[c]riminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.”
The defendant contends that the record demonstrates no evidence proving “criminal negligence,” an essential element of the crime.
The applicable standard for reviewing sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Walker, 447 So.2d 54 (La.App. 1st Cir. 1984).
In State v. Fontenot, 408 So.2d 919 (La. 1981), the supreme court set forth the essential elements of negligent homicide which the State must prove:
(1) that defendant was criminally negligent, i.e., that there was such disregard of the interest of others that the offender’s conduct amounted to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances; and (2) that a killing resulted from this conduct.
408 So.2d at 921.
Defendant argues on appeal that the State proved only ordinary negligence as *1029 opposed to the required criminal negligence. She denies being drunk, citing the conflicting testimony. She argues that the speed of her vehicle was never firmly established and that the victim was negligently standing in the roadway next to a car that was improperly parked in the street. Lastly, she claims that her vehicle was weaving due to her own efforts to avoid an accident. We disagree with all of these contentions and, accordingly, we affirm the judgment of the trial court.
There is ample evidence in the record to sustain a holding that Deborah Wheat was drunk at the time of the accident. The trial judge stated that the helpful testimony on defendant’s behalf by her mother and by Rhonda Pierce was actually prevarication and could not be accepted.
Likewise, the record justifies the finding that Deborah Wheat was speeding in a residential neighborhood. Several witnesses testified that they heard squealing tires as she turned onto Wilmuth Street and that the car’s motor was running much too fast for moderate travel. Some witnesses saw the car approaching and noticed that its speed was too great for that particular street. Another witness seated in the parked Ford cried out in warning as the Cadillac approached on its collision course.
Defendant’s contention that she was weaving to avoid an accident is hardly credible when considered in proper context. She was on an unobstructed residential street with adequate lighting and dry pavement. Even though the Ford which she struck was parked partially in the street, defendant’s lane was completely open and accessible. No weaving was necessary since there was nothing for her to avoid.
This court agrees with the trial court that the test for criminal negligence was adequately met. Drunk driving at an excessive speed in a residential neighborhood constitutes a gross deviation below the standard of care expected to be maintained by a reasonable person.
AFFIRMED.