FORET, Judge.
On December 8, 1985, Bryan Phil Brous-sard was arrested for driving while intoxicated, third offense, in violation of La.R.S. 14:98, and failure to maintain control of his vehicle, in violation of Lafayette Code of Ordinances Section 22-1; 58. Broussard entered a plea of nolo contendere to the ordinance violation on January 13, 1986 in the City Court of Lafayette. On January 16, 1986, a bill of information was filed in the Fifteenth Judicial District Court charging Broussard with driving while intoxicated, third offense. A motion to quash was urged by Broussard and denied by the trial court. Broussard then pled guilty, reserving the right to appeal the denial of his motion to quash.
Broussard asserts that the trial judge erred by denying the motion to quash wherein he urged that the present charge of driving while intoxicated constituted double jeopardy under La. Const. Art. 1 § 15 (1974) and U.S. Const, amend. V. He urges that the conviction for failure to maintain control of his vehicle arose out of the same criminal episode as the driving while intoxicated, third offense (hereinafter referred to as “DWI”). He concludes that the present conviction would subject him to being penalized twice for the same conduct.
Louisiana uses both the “same evidence test” and the “Blockburger test” to determine whether two offenses are the same for double jeopardy purposes. See, State v. Vaughn, 431 So.2d 763 (La.1983). The test established in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), is as follows:
“... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....”
In Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977), the United States Supreme Court clarified the Blockburger test:
“This test emphasizes the elements of the two crimes. ‘If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crime....’ Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975).”
The Louisiana Supreme Court explained the “same evidence” test in State v. Steele, 387 So2d 1175, 1177 (La.1980), as follows:
“The ‘same evidence’ test is used in Louisiana. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Didier, 262 La. 364, 263 So.2d 322 (1972). If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial....
[[Image here]]
The ‘same evidence test’ is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.”
The two offenses committed by Brous-sard were driving while intoxicated, third offense, a violation of La.R.S. 14:98, and failure to maintain control of a vehicle, a violation of Lafayette Code of Ordinances Section 22-1; 58. The Lafayette ordinance is not included as evidence in the record before us, and we are precluded from taking judicial notice of it. La.R.S. 15:422(1). For purposes of this double jeopardy analy *242 sis, it is, therefore, presumed that the Lafayette ordinance is essentially similar to the state statute on failure to maintain control of a vehicle, La.R.S. 32:58, which provides:
“It shall be unlawful for the driver of any vehicle to negligently fail to maintain reasonable and proper control of said vehicle while operating the vehicle on the public roads of this state.”
One fact which must be proven to sustain a conviction for failing to maintain control of a vehicle is that control of a vehicle was lost. La.R.S. 14:98, operating a vehicle while intoxicated, requires no showing that the vehicle was not under proper control. Conversely, conviction of a DWI requires proof that the operator was under the influence of alcoholic beverages or some type of drug. A conviction for failure to maintain control of a vehicle does not require proof that the defendant was driving while intoxicated. Each crime requires proof of an additional fact which the other does not. Therefore, double jeopardy is not found under the Blockburger test.
Under the “same evidence” test, double jeopardy arises when the two charges arise from the same conduct. See, State v. Didier, 262 La. 364, 263 So.2d 322 (1972). “[CJonduct punished as one crime may not be relabeled a different crime and be punished again.” City of Baton Rouge v. Jackson, 310 So.2d 596, 599 (La.1975).
Insofar as Broussard pled “no contest” to the charge of failure to maintain control of a vehicle and pled guilty to the charge of DWI, we are not able to determine whether the two charges arose from the same conduct. As stated in Didier, supra, at page 328:
“.[T]he issue of double jeopardy was raised to the second prosecution before trial based solely on the face of the information upon which the second prosecution was based. Since there had been no trial and the evidence for the second trial was not before the court, we could not then apply our traditional ‘same evidence’ test, namely whether the evidence necessary to support the second indictment would have been sufficient for the first.
The Louisiana ‘same evidence’ test, ... is based upon whether the actual evidence introduced at the second trial would have supported conviction on the first.”
This “same evidence” test depends upon the evidence necessary for conviction. See, State v. Steele, supra. In this case, “[i]n order to convict an accused of driving while intoxicated the state need only prove that (1) defendant was operating a vehicle or other conveyance; and (2) that defendant was under the influence of alcoholic beverages or some type of drug.” State v. Fontenot, 408 So.2d 919, 921 (La.1981). This evidence, necessary to support a DWI conviction would not have been sufficient, without a showing of loss of control, to support a conviction for failure to maintain control of a vehicle.
“Where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of the former jeopardy.
Didier, supra, at page 327.
Likewise, the gravamen of the second offense, driving under the influence of alcohol or drugs, is not essentially included within the offense of failure to maintain control of a vehicle. Accordingly, the second prosecution for DWI is not barred because of the former jeopardy. It cannot be successfully argued that DWI and failure to maintain control of a vehicle are substantially regulating the identical conduct. The issue of double jeopardy in a DWI/failure to maintain control context is res nova in Louisiana although the two have been used to convict the same defendant for one course of conduct. State v. Skeetoe, 501 So.2d 931 (La.App. 2 Cir.1987). Double jeopardy was discussed in the context of a DWI and a traffic offense, e.g., running a flashing red light, in City of Baton Rouge v. Jackson, supra. The defendant in Jackson, as here, argued that both charges arose out of one continuous offense which precluded prosecution of the second offense. The Jackson Court noted *243 that Louisiana has not adopted the “same transaction” test which would prohibit multiple prosecutions out of one continuous course of criminal conduct. Double jeopardy does not protect a criminal who violates numerous statutes during a short time span on a crime spree.
In this case, the record contains only sparse reference to the actual facts of both statutory violations. However, as in Jackson, the gravamen of a DWI charge and a charge of failure to maintain control of a vehicle differ. The fact that some of the evidence in each conviction might have been the same is not dispositive. Jackson, supra, at page 600. Double jeopardy does not attach to bar the DWI prosecution in this case.
This assignment of error, therefore, lacks merit.
For the foregoing reasons, the trial court’s denial of Broussard’s motion to quash is affirmed.
AFFIRMED.