SAUNDERS, Judge.
Defendant, Rick Anthony Girouard, appeals his conviction and sentence for driving while intoxicated, third offense, a violation of LSA-R.S. 14:98. After reviewing the record and considering his claims, we affirm.
Although the facts leading to the arrest are not in the record, it appears from his traffic citation (issued simultaneously with the arrest) that the defendant had just missed striking a pedestrian in the vicinity of Johnston Street and University Street in Lafayette, Louisiana.
On May 23, 1990, defendant was charged by bill of information with the felony offense of driving while intoxicated, third offense. Defendant was also charged with *30 reckless operation of a motor vehicle in violation of Lafayette City Code of Ordinance, Section 22-26.[1] This charge was prosecuted separately in Lafayette City Court. On September 4, 1990, defendant appeared in City Court and entered a plea of no contest to the reckless operation charge. He was ordered to pay $130.00 in fines and costs.
On October 15, 1990, an indigent defender was appointed to represent the defendant in the pending DWI charge. On March 14, 1991, defendant filed a motion to quash the bill of information based upon double jeopardy. Hearing was held on the motion and the trial court ruled on July 10, 1991, denying the motion to quash.
Defendant was sentenced to three (3) years at hard labor, suspended, and placed on three (3) years supervised probation subject to the condition that defendant not drive a motor vehicle unless properly licensed and also serve six (6) months in the parish jail or a halfway house.
ASSIGNMENT OF ERROR
The defendant contends that the trial court erred in denying his motion to quash the bill of information based on double jeopardy. LSA-C.Cr.P. art. 596 provides:
Art. 596. Requirements for double jeopardy
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
In determining whether the double jeopardy clause bars a subsequent prosecution, the Louisiana Supreme Court has utilized both the “Blockburger” test[2] and the “same evidence” test. The “same evidence” test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, if the evidence necessary to support the second charge would have been sufficient to support the former charge, double jeopardy prohibits the second prosecution. State v. Miller, 571 So.2d 603 (La.1990).
This “same evidence” test was applied in a factually similar case, State v. Broussard, 532 So.2d 240 (La.App.3d Cir.1988). In that case, Broussard was arrested for driving while intoxicated, third offense, in violation of LSA-R.S. 14:98, and failure to maintain control of his vehicle, in violation of Lafayette Code of Ordinances, Section 22-1:58. Broussard entered a plea of nolo contendere to the ordinance violation on January 13, 1986, in the City Court of Lafayette. On January 16, 1986, a bill of information was filed in the 15th Judicial District Court charging Broussard with DWI, third offense. Broussard urged that the charge of DWI constituted double jeopardy. In applying the “same evidence” test, we stated:
This “same evidence” test depends upon the evidence necessary for conviction. See, State v. Steele, [387 So.2d 1175 (La.1980) ] supra. In this case, “[i]n order to convict an accused of driving while intoxicated the state need only prove that (1) defendant was operating a vehicle or other conveyance; and (2) that defendant was under the influence of alcoholic beverages or some type of drug.” State v. Fontenot, 408 So.2d 919, 921 (La.1981). This evidence, neces *31 sary to support a DWI conviction would not have been sufficient, without a showing of loss of control, to support a conviction for failure to maintain control of a vehicle.
“Where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of the former jeopardy.
[State v.] Didier, supra, [262 La. 364, 263 So.2d 322] at page 327 [ (1972) ].
Likewise, the gravamen of the second offense, driving under the influence of alcohol or drugs, is not essentially included within the offense of failure to maintain control of a vehicle. Accordingly, the second prosecution for DWI is not barred because of the former jeopardy. It cannot be successfully argued that DWI and failure to maintain control of a vehicle are substantially regulating the identical conduct. The issue of double jeopardy in a DWI/failure to maintain control context is res nova in Louisiana although the two have been used to convict the same defendant for one course of conduct. State v. Skeetoe, 501 So.2d 931 (La.App. 2 Cir.1987). Double jeopardy was discussed in the context of a DWI and a traffic offense, e.g., running a flashing red light, in City of Baton Rouge v. Jackson, [310 So.2d 596 (La.1975) ] supra. The defendant in Jackson, as here, argued that both charges arose out of one continuous offense which precluded prosecution of the second offense. The Jackson Court noted that Louisiana has not adopted the “same transaction” test which would prohibit multiple prosecutions out of one continuous course of criminal conduct. Double jeopardy does not protect a criminal who violates numerous statutes during a short time span on a crime spree.
In the instant case, the trial court noted the recent United States Supreme Court case of Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which broadens the traditional analysis used in Louisiana. Under Grady,
To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional Blockburger [v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306] test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other ... the subsequent prosecution is barred.
Supra 110 S.Ct. at 2090.
Moreover, Grady requires an additional analysis of the conduct to be proven by the State. According to Grady, if the government, in a subsequent prosecution, seeks to establish an essential element of an offense for which the defendant has already been prosecuted, then the double jeopardy clause bars the prosecution. This is not the “same evidence” test. The critical inquiry here is what conduct the State will prove, not the evidence the State will use to prove that conduct. Supra 110 S.Ct. at 2093.
In this case, the crime of driving while intoxicated is defined as operating a motor vehicle while intoxicated. The crime of reckless operation of a motor vehicle is defined as the operation of any motor vehicle in a criminally negligent or reckless manner. The two offenses share only the common element of operating a motor vehicle. The conduct necessary to establish the two offenses is completely different. The defendant’s condition of intoxication while operating his vehicle, even in a safe and proper manner, is the conduct that establishes driving while intoxicated. The defendant operating his vehicle in a criminally negligent or reckless manner, is the conduct that establishes reckless operation of a motor vehicle and sobriety or intoxication is irrelevant. Each crime depends upon proof of different conduct.
Thus, applying the Grady analysis, we do not find that double jeopardy bars the subsequent prosecution for driving while intoxicated as it is based on conduct by defendant, for 'which defendant has not already been prosecuted. Therefore, the trial court was correct in denying defendant’s motion to quash.
*32 ERRORS PATENT
A review of the record for errors patent reveals that the bill of information charging the defendant does not give the statutory citation for the law which defendant is charged with violating. See LSA-C.Cr.P. art. 464. However, the bill of information does state the essential facts of the offense charged, that defendant “did willfully and unlawfully operate a motor vehicle on a public highway while under the influence of alcoholic beverages.” The defendant did not object to this omission, nor did defendant claim surprise or prejudicial lack of notice. Therefore, this error is harmless. State v. Smith, 520 So.2d 1252, 1254 (La.App. 5th Cir.), writ denied, 523 So.2d 1320 (La.1988), citing State v. Sims, 426 So.2d 148, 158 (La.1983).
For the reasons assigned, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Sec. 22-26. Reckless operation of a vehicle.
(a) Defined. Reckless operation of a vehicle is the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner. Criminal negligence or recklessness exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This test focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction.