GULOTTA, Judge.
Lionel Calaway was convicted in a bench trial of a violation of LSA-R.S. 14:67, theft from David P. Gross, and sentenced to nine months with credit for time served. Subsequent to the granting of defendant’s written Motion for Appeal, he was charged under a multiple bill and entered a plea of guilty. Defendant’s original sentence was set aside and, pursuant to LSA-R.S. 15:529.1, he was re-sentenced to one year. We affirm defendant’s conviction, but set aside the multiple offender enhanced sentence and reinstate his original nine-month sentence.
On September 17, 1983, Calaway, observing Gross washing his car, asked him if he could finish the job. Gross refused but did offer to hire Calway to sweep and clean his patio. Defendant told the victim his name and gave him the telephone number of his grandmother’s house where he said he lived. After allowing defendant to use the bathroom in his home, Gross (remembering that he had left some items of jewelry on a night table) looked for and noticed that his ring was missing. After calling to the defendant, who was running away, Gross contacted the grandmother by telephone and related to her what had occurred. The victim stated at that time that he would not “press charges” if the ring was returned. Later that evening, in a telephone conversation with the defendant, Calway confirmed the theft and agreed to return the ring. However, the ring was never recovered.
At trial, Calway denied either knowing or working for Gross. He further denied giving Gross his grandmother’s telephone number or having had spoken to Gross on the telephone.
Appealing, defendant contends the trial judge, relying upon insufficient circumstantial evidence, erred in 1) not granting his motion for a directed verdict, and 2) and 3) basing his decision on a telephone conversation that defendant claims never existed.
ERRORS PATENT
Before turning to defendant’s contentions, we have reviewed the record for errors patent and find the trial court conducted a multiple bill proceeding after a motion for appeal had been granted. Under LSA-C.Cr.P. Art. 916, “The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal”. Although the article further provides for exceptions to the rule divesting the trial court of jurisdiction, multiple bill hearings are not included in those exceptions. Thus the trial court was without jurisdiction to impose the enhanced sentence after the order of appeal was signed. See State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983); State v. Sharper, 383 So.2d 1248 (La.1980). Accordingly, we are compelled to set aside the enhanced sentence.
*76 CLAIMED ERRORS
Theft is defined in pertinent part in LSA-R.S. 14:67 as:
“... the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
In State v. Johnson, 438 So.2d 1091 (La. 1983), the Louisiana Supreme Court held that “... direct evidence consists of testimony from a witness who actually saw or heard an occurrence, proof of the existence of which is at issue; whereas, circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.”
In the instant case, the State’s evidence consisted of the victim’s testimony that his ring was on a night stand before the defendant used the bathroom and was gone when defendant left. The same witness also testified that the defendant confessed to him on the phone, that he had taken the ring which was never returned. As a result, all of the State’s case was proven by direct evidence, except for the taking of the ring, which was established by circumstantial evidence since there were no actual witnesses to the act.
Accordingly, defendant’s claim that the conviction was based solely upon insufficient circumstantial evidence has no merit.
We further reject defendant’s claim that the conviction was based upon a non-existent telephone conversation. This contention relates to a question of credibility. In such cases, an appellate court will not assess the credibility of witnesses or reweigh the evidence to overturn the fact finder’s determination of guilt. See State v. Matthews, 450 So.2d 644 (La.1984). Accordingly, we do not disturb the conviction.
For these reasons, the conviction is affirmed; however, the multiple offender enhanced sentence is set aside and his original sentence of nine months is reinstated. As in Tuesno and Sharper, supra, should the defendant be resentenced as a multiple offender, his right to appeal his enhanced sentence is reserved to him.
THE CONVICTION IS AFFIRMED; THE ENHANCED SENTENCE IS SET ASIDE; ORIGINAL SENTENCE REINSTATED.