534 So.2d 973 (1988)
STATE of Louisiana
v.
Kerry W. WEILBAECHER.
No. 87-KA-606.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
*974 Wayne Douglas Mancuso, Harahan, for appellant.
John M. Mamoulides, Dist. Atty., Harvey Green, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for appellee.
Before CHEHARDY, C.J., and GAUDIN and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
This DWI conviction is before us on remand from the state Supreme Court, which reversed our earlier judgment in which we had dismissed the case for lack of a written and signed judgment. In its order granting writs in response to the State's application, the Supreme Court stated,
"Granted. The judgment of the court of appeal, which dismissed relator's application for review because the record did not contain a signed judgment, is reversed. In a bench trial a judgment of guilty, pronounced by the judge on the record in open court and recorded in the minutes, is sufficient. The case is remanded to the court of appeal for consideration of and action on the merits of the application."
State of Louisiana v. Kerry Weilbacher, 531 So.2d 456 (1988).
Prior to considering the merits of the case, we note that this Court adopted the policy of requiring written judgments because we often find discrepancies in trial records between the minute entries, the transcripts, and the parties' briefs, making it difficult to determine the intention of the trial court. Although there was no such inconsistency in this particular case, we followed our general court policy is dismissing the appeal, as it is this Court's view such action is supported by the law. In obedience to the Supreme Court's pronouncement in this case, however, instead of dismissing such cases henceforth this Court will remand them for correction of the record.
Defendant, Kerry Weilbaecher, filed an application for writ of review from his convictions of driving while intoxicated (DWI), a violation of LSA-R.S. 14:98, and speeding, a violation of LSA-R.S. 32:61.
On May 22, 1987, this court granted defendant's application for writ of review, ordering that the matter be docketed by established appellate procedure. On February 8, 1988, we rendered judgment dismissing the case; on September 30, 1988, the Supreme Court reversed that judgment and remanded the case to us, as discussed above.
On appeal, defendant does not contest the speeding conviction, but asserts the evidence was insufficient to convict him of driving while intoxicated. He contends the trial court erred in convicting him merely *975 on the testimony of the arresting officer, arguing there was sufficient evidence in the record to cast a reasonable doubt on the accuracy of the police officer's testimony.
When evaluating sufficiency of the evidence the standard to be used by the appellate court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of each element of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In order to convict an accused of driving while intoxicated, the State need only prove that defendant was operating a vehicle or other conveyance and that defendant either was under the influence of alcoholic beverages or that his blood alcohol concentration was 0.10 percent or more by weight or that he was under the influence of a controlled dangerous substance. LSA-R.S. 14:98; State v. Fontenot, 408 So.2d 919 (La.1981).
In the case at bar, Raymond Millet, the arresting officer, testified he stopped defendant because the radar unit showed defendant's vehicle going 54 or 58 miles per hour in a 40-mile-per-hour zone. When asking for the defendant's driver's license, Deputy Millet smelled alcohol on his breath and asked him to perform a field sobriety test. Following the test, Millet arrested the defendant and transported him to the lockup, where a videotaped field sobriety test and an Intoxilyzer test were performed.
The videotape and the Intoxilyzer results were excluded from evidence on defendant's motion to suppress those items. Accordingly, the only evidence offered at trial was the testimony of the arresting officer.
The field sobriety test defendant performed at the scene consisted of three parts: first, defendant had to walk nine steps heel-to-toe; next, defendant had to stand on one leg while counting from one-thousand-one to one-thousand-thirty; third, defendant had to recite the alphabet.
Deputy Millet testified to the on-scene test results as follows:
"Hewalking the nine steps forward, he staggered off the line a couple of times swaying with his arms and repeating the same thing going back, tripped over his, uhgoing back and forth once or twice on a return nine steps. On the balance test one-legged stand he was swaying and hit the ground, touched the ground with his foot that he had extended out a couple of times.
* * * * * *
"And the alphabet, heI think he missed two letters out of the alphabet.
* * * * * *
"Then I asked the defendant to do the finger to the nose test, which he was hesitant on doing on both of them. And after that I felt that the defendant was intoxicated enough for me to arrest him and bring him in."
Defendant admits this testimony, taken alone, might be considered sufficient for an impartial trier of fact to convict the defendant of DWI. Defendant asserts, however, that the totality of the circumstances casts a reasonable doubt on the sufficiency of this evidence.
First, defendant points out that the trial commenced immediately after a vigorous argument of the motion to suppress that contained heated exchanges between the trial judge and defense counsel. In addition, defendant notes, in the course of the motion hearing the trial judge had to view both the videotape and the results of the Intoxilyzer test. Thus, contends defendant, "there is no way to assess the degree of influence that the information solicited during the motion to suppress had upon the court."
Next, the defendant argues that the seven-month time lapse between the arrest and the trial make unlikely the arresting officer's clear memory of the on-scene field sobriety test. Defendant points out that the details to which Deputy Millet testified were not noted on the police report and, further, that the officer could not recall the *976 time of day at which he stopped defendant or at which he issued the ticket.
Finally, defendant points to Millet's testimony that, when performing the videotaped field sobriety test some 45 minutes after his arrest, defendant made none of the errors Millet alleged he had made in the on-scene test. He asserts all these factors should be sufficient to create a reasonable doubt in the court's mind.
An officer's "subjective" opinion determines whether a suspect has passed the "objective" field sobriety test. State v. Landry, 463 So.2d 761 (La.App. 5 Cir.1985). Failure to pass a field sobriety test has long been held sufficient evidence to support a conviction of driving while intoxicated. Id.
The trier of fact determines the credibility of the witness. State v. Arnaud, 412 So.2d 1013 (La.1982). The appellate court will not assess the credibility of witnesses or reweigh the evidence to overturn the fact-finder's determination of guilt. State v. Matthews, 450 So.2d 644 (La.1984); State v. Calway, 482 So.2d 74 (La.App. 4 Cir.1986).
On appeal, the function of the reviewing court is not to reassess the credibility determination of the fact-finder, but only to determine if the evidence offered was sufficient to support the conviction. State v. Jasper, 506 So.2d 211 (La.App. 5 Cir.1987).
In making his ruling, the trial judge here made the following statements:
"Considering as I do only the evidence that's admissible here, and that solely being the testimony of Officer Millet, I first of all feel that he had a probable cause to stop the defendant by virtue of the radar gun and the readout that it produced. His testimony was to the effect that he detected the odor of alcohol on the defendant and, suspecting his being intoxicated, used the field sobriety test, which I feel that I am on solid ground in saying that the courts of this state have upheld to be solely sufficient under which to find a person guilty of driving while intoxicated. His uncontroverted testimony was to the effect that the defendant failed the field sobriety test each and every aspect of it. His testimony was that he then considered the defendant intoxicated and called for another unit with a cage to bring him to the lockup and placed him under arrest on DWI. * * * So, I am going to find him guilty of driving while intoxicated, under testimony of Officer Millet that he in fact failed each and every aspect of the field sobriety test. * * *"
Considering all of the above, we conclude we have no basis on which to reverse the conviction. We find no indication from the record that the trial judge was swayed by any of the inadmissible evidence he had viewed; further, the result of the on-scene field sobriety test is sufficient, in itself, to support defendant's DWI conviction.
For the foregoing reasons, the conviction is affirmed. Costs of this appeal are assessed against defendant.
AFFIRMED.