GOTHARD, Judge.
Robert M. Kent filed this action in the district court for review of an administrative hearing officer’s decision to suspend his driver’s license for refusal to submit to chemical testing. The trial court affirmed the administrative hearing officer’s decision. We reverse.
Kent was stopped by Trooper Wayne Winkler at about 2:10 a.m. on October 16, 1990 after the trooper observed the truck Kent was driving travelling eastbound on I — 10 at an excessive rate of speed without headlights or taillights lit. Trooper Wink-ler stopped Kent and conducted several sobriety tests. When requested to submit to a “breath” test, Kent refused and was arrested.
Kent requested, and was granted, an administrative hearing as provided for in LSA-R.S. 32:661 et seq. The record of the proceedings in that hearing was not included in the record before us on appeal, but it is alleged in plaintiff’s petition and unrefut-ed by the Department of Public Safety, that the result of the hearing, occurring on November 28, 1990, was suspension of plaintiff’s driver’s license for driving while intoxicated.
On review, the district court affirmed the administrative hearing officer’s judgment.[1] The findings of the trial court which resulted in that affirmation are unclear. The minute entry states:
... (finding of the court that plaintiff was intoxicated on the night in question. Therefore, finding of Administrative judge is affirmed.”
However, the written judgment reads in pertinent part as follows:
This case is not in termination (sic) as to whether or not Robert M. Kent was intoxicated on the night of October 6, 1990. It is in fact the finding of this Court that based on what I consider very impartial testimony by the State Trooper and in conjunction with Mr. Kent’s description that it appears that Robert M. Kent in fact was not intoxicated on the night in question. It’s also found that in refusing to take a breathalizer test after his arrest, Mr. Kent forfeited his driving privileges under the provisions of R.S. 32:661-669 and therefore the finding of the Administrative Hearing Judge is affirmed.
Although both the minute entry and the written judgment indicate the judgment was dictated in open court, the transcript of that proceeding has not been included in the record.
Plaintiff asserts the trial court actually found that the defendant was not intoxicated, and misapplied the law in ruling that an individual is subject to a mandatory suspension of his driver’s license for refusal to take a breath test regardless of other circumstances.
LSA-R.S. 32:667 A provides the procedure for seizure of license and request for an administrative hearing upon arrest for driving while intoxicated. LSA-R.S. 32:667 A(2) provides that the temporary receipt of license given in accordance with LSA-R.S. 32:667 A(l) shall also serve as notice that the individual has “not more than ten days from the date of arrest to make written request to the Department of Public Safety and Corrections for an administrative hearing in accordance with the provisions of LSA-R.S. 32:668.”
LSA-R.S. 32:667 B(2) dictates that, if such written request is not made, a person who refused to submit to chemical testing shall have driving privileges suspended for one hundred and eighty days from the date of suspension on first refusal.
Our reading of the statute, in its entirety, leads us to the conclusion that an individual who refuses to submit to chemical testing is entitled to timely request an administrative hearing. That hearing must be conducted in accordance with the proce *139 dures set forth in LSA-R.S. 32:668. That statute provides that the scope of the hearings shall cover the following issues:
(1) Whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of either alcoholic beverages or any abused or illegal controlled dangerous substance as set forth in R.S. 40:964.
(2) Whether the person was placed under arrest.
(3) Whether he was warned by the officer as provided in R.S. 32:661(C).
(4) Whether he voluntarily submitted to an approved chemical test and whether the test resulted in a blood alcohol reading of .10 percent or above by weight of alcohol in the blood.
(5) Whether he refused to submit to the test upon the request of the officer.
(6) Such additional matters as may relate to the reasonableness of a suspension of the license.
It is essential that these issues are considered. Conducting an administrative hearing solely for the purpose of deciding the issue of whether the individual refused to submit to chemical testing would render the administrative hearing meaningless.
Refusal to take a breath test after an arrest for driving while intoxicated automatically results in suspension of driving privileges if no written request for administrative hearing is made timely. LSA-R.S. 32:667 B(2). Also such suspension may still occur after a hearing. However, at the hearing all of the issues enumerated in LSA-R.S. 32:668 A(l-6) must be considered. The issue of whether an individual refused to take the test is one factor out of six. On review, the district court should also consider all of these factors in deciding the appropriateness of the administrative judge’s ruling.
Because it appears from the language in the written judgment that the district court misapplied the procedures set out in LSA-R.S. 32:667 and 668, we reverse the trial court’s judgment and remand the matter for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.

. It appears the trial court conducted a de novo hearing on the issues rather than a review of the administrative proceedings as mandated by LSA-R.S. 32:668 C.