610 So.2d 265 (1992)
STATE of Louisiana
v.
Robert M. KENT.
No. 92-KA-502.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
*266 Fred R. De Francesch, LaPlace, for defendant-appellant Robert M. Kent.
John M. Crum, Jr., Dist. Atty., G. Charles Lorio, George Ann Graugnard, Rodney Brignac, Asst. Dist. Attys., LaPlace, for plaintiff-appellee State of La.
Before KLIEBERT, WICKER and GOTHARD, JJ.
KLIEBERT, Chief Judge.
The defendant, Robert Kent, was charged by bill of information with driving while intoxicated, in violation of LSA-R.S. 14:98. After a bench trial, the district court judge found the defendant guilty as charged and sentenced him to pay a $350.00 fine and court costs, to perform four 8-hour days of community service, and to attend driver improvement school. The defendant applied to this Court for a writ of review which we granted. Kent v. State, No. 92-KH-492. He here challenges the sufficiency of the evidence supporting his conviction. We agree and hence reverse the conviction.
The only two witnesses to testify at trial were the defendant and Trooper Wayne Winkler, the arresting officer. Trooper Winkler testified that during the early morning hours (about 2:00 o'clock A.M.) of October 6, 1990, he was parked in his police vehicle alongside the east bound shoulder of Interstate-10 facing east. The trooper noted the defendant's truck approaching him from the rear. As he passed by he noted his lights were off and that he was speeding. Trooper Winkler turned on his vehicle's flashing lights and pursued the truck. According to Trooper Winkler, the defendant pulled over to the side of the highway as soon as the police vehicle drove up behind the truck. The officer further testified that the defendant appeared to have some difficulty getting out of the truck, walking to the rear of the vehicle, and producing his driver's license when ordered to do so. The trooper also stated that he noticed what he considered to be a "moderate" odor of alcohol on the defendant's person. Further, he observed: (1) the defendant's speech was unclear and (2) his eyes appeared bloodshot and red.
At the request of the trooper, the defendant agreed to undergo a field sobriety *267 test. First the officer asked the defendant to recite the letters of the alphabet from D to Q. The defendant complied without any difficulty other than reciting that the letter "U" followed "P." Next, the officer asked him to count backward from 36 to 24. Although he continued counting backward beyond 24, the defendant again experienced no significant problems in following the officer's instructions. Trooper Winkler then told the defendant to outstretch his arms, tilt his head back and close his eyes. From that position, the defendant was directed to touch the tip of his nose with the index finger of each hand. The defendant missed the tip of his nose and instead touched his upper lip. On cross examination Trooper Winkler admitted he could not "tell for sure" whether any part of the defendant's finger was touching his nose as well as his upper lip. Following that, Trooper Winkler asked the defendant to perform a one-legged stand by standing on one leg while lifting the other leg six inches off the ground, keeping his arms at his side, and counting from 1,001 to 1,030. However, the defendant refused any further participation in the field sobriety test and did not perform the one-legged stand. Trooper Winkler arrested the defendant at that point and transported him to central lock-up for administration of an Intoxilyzer test. After having his rights regarding chemical testing explained to him, the defendant refused to take the Intoxilyzer test, but he requested a blood test. Neither test was performed on the defendant.
The defendant's trial testimony was different from Trooper Winkler, except that the defendant denied he was driving without lights or was speeding, or had difficulty walking, or that his speech was slurred, or that he had anything to drink. He explained that on the night of his arrest, he had worked until 11:00 P.M. on his job as a refrigeration technician, then had gone home to shower before leaving from home in Clinton for New Orleans. The defendant also stated that he refused the Intoxilyzer test because of his concern about the accuracy of that procedure's results. He asked for a blood test, believing that testing procedure to be more accurate and reliable. He was tired and anxious to get to his wife who was staying at the Quality Inn.
The defendant now seeks review of the sufficiency of the evidence used to convict him. The standard used by appellate courts to evaluate the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 580 So.2d 448 (5th Cir.1991).
To convict an accused of driving while intoxicated, the state must prove that the defendant was operating a vehicle or other conveyance and that the defendant was under the influence of alcoholic beverages or that his blood alcohol concentration was 0.10 percent or more by weight or that he was under the influence of a controlled dangerous substance. LSA-R.S. 14:98; State v. Fontenot, 408 So.2d 919 (La.1981); State v. Weilbaecher, 534 So.2d 973, 975 (5th Cir.1988).
The defendant's conviction in this case relies solely on the evidence of Trooper Winkler's observations and the results of the field sobriety test administered to the defendant. We have previously noted that, while the field sobriety test provides objective criteria on which an officer may base his belief that a subject is intoxicated, the officer's subjective opinion determines whether the suspect has passed the test. State v. Landry, 463 So.2d 761 (5th Cir. 1985), writ denied, 464 So.2d 1373 (La. 1985). However, failure to pass a field sobriety test has been held sufficient evidence to support a conviction of driving while intoxicated. Id.
Here, however, after evaluating the evidence under the Jackson standard, we conclude that the evidence presented in this case was legally insufficient to prove the defendant's guilt beyond a reasonable doubt.
The defendant's initial actions upon being stopped by Trooper Winkler may just *268 as plausibly be attributed to the anxiety of the circumstances as such actions may be attributed to alcohol consumption. The defendant did produce his driver's license at the officer's request. His nervous behavior in so doing was not at all inconsistent with the uncomfortable situation in which he found himself. Similarly, we are not convinced that the defendant's performance on the field sobriety test leads to the conclusion that the defendant was intoxicated. The defendant missed only one letter in reciting the alphabet; and he counted backward accurately from the number 36, failing only to stop at 24 as instructed by Trooper Winkler. These minor discrepancies might also be attributed to nervousness rather than intoxication. Additionally, the defendant's physical performance in touching his upper lip rather than his nose is not a convincing indicator of intoxication, as opposed to anxiety. When he was stopped, the defendant was driving without lights and at a speed higher than the posted limit. However, the state presented no evidence that the defendant's control over his vehicle was impaired. To the contrary, Trooper Winkler testified that the defendant pulled over to the side of the highway immediately and without incident as soon as the police vehicle, with its lights flashing, pulled behind the defendant's truck. After evaluating all of the prosecution's evidence in this case, we conclude that the evidence was legally insufficient to carry the state's burden of proving the defendant's guilt beyond a reasonable doubt.[1]State v. St. Amant, 504 So.2d 1094 (5th Cir.1987).
For the foregoing reasons, the judgment of conviction in this case is reversed.
REVERSED.
NOTES
[1] In his brief, the defendant calls this Court's attention to the administrative hearing previously held to resolve the suspension of the defendant's driver's license for his failure to submit to chemical testing. See Kent v. State, 597 So.2d 137 (5th Cir.1992). The defendant refers to certain statements made during that administrative proceeding as partial support for reversal of his conviction in this case. However, the administrative hearing requested by the defendant and granted under R.S. 32:661 et seq. was completely independent from and had no relevance to the criminal action initiated against the defendant in this case. Therefore, the earlier administrative hearing had no bearing on our decision in this case.