laCANNELLA, Judge.
Defendant, Yvonne M. Richoux, seeks supervisory review of her conviction of Operating A Vehicle While Intoxicated, a violation of La.R.S. 14:98. We affirm.
On April 1, 1998, defendant was found guilty of Operating A Vehicle While Intoxicated, a violation of La. R.S. 14:98, and sentenced to six months imprisonment. The trial judge suspended the sentence and ordered defendant placed on two years unsupervised probation, with special conditions that defendant: 1. serve ten days in the parish jail; 2. pay a fine of $500 plus appropriate court costs; and 3. participate in a driver improvement school and substance abuse treatment program.
In her application, defendant asserts that the evidence was insufficient to convict her of the charged crime.[1] She contends that the evidence presented by |3the state failed to prove that defendant was alcohol impaired, but that the state attempted to prove that defendant was operating the vehicle under the influence of a controlled dangerous substance [R.S. 14:98(c) ]. Defendant argues that, although prescription medication bottles were found in the car, there was no scientific or expert testimony as to their effects or that defendant’s body contained any of the medications when she was stopped and subsequently arrested. As a result, the state failed to exclude every reasonable hypothesis of innocence.
The constitutional standard for evaluating the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all of the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When circumstantial evidence is used to prove the commission of an offense, La. R.S. 15:438 requires that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This is not a separate test to be applied when circumstantial evidence forms the basis of a conviction. All evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142, 1146 (La.1985); State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930.
At trial, Trooper Craig Guidry testified that, on December 2,1997, he stopped defendant after being informed by a passer-by that defendant’s car was weaving from the roadway to the shoulder of the interstate highway. Before [^stopping defendant, he followed her for approximately two miles with lights and siren on. Defendant was driving erratically between 35-40 miles per hour in a 70 mile per hour zone. He had difficulty getting defendant’s attention, but she finally stopped on top of the Luling-Destrehan bridge. Trooper Guidry testified that when defendant exited the car, she was staggering and holding the door. He did not *243 smell alcohol, but her eyes were glassy and dilated. Because she was so unsteady, he was afraid that she would fall. Next, he advised her of her Miranda rights, which she said that she understood, and then he retrieved her driver’s license and paperwork from the car. Trooper Guidry then asked defendant if she was on any type of medication. Defendant said that she was on two or three types of medication because she had hurt her back at work. At that point, another officer, Trooper Milana Walters, arrived on the scene. They then gained defendant’s permission to look inside the car where they found some bottles containing prescription drugs, specifically Vicodin, Soma and another one that he could not recall. Trooper Guidry stated that defendant told him she had one doctor, but he noticed that two or three doctors were named on the prescription bottles for the same period and type of problem. She also told the officer that she had been previously arrested for forging prescriptions. At that point, Trooper Walters took over the investigation. Trooper Guidry also testified that defendant was “talking in circles.” He stated that she kept explaining that she was taking the drugs for the injury.
Trooper Guidry testified that he performed a field sobriety test. However, she could not listen to the instructions while she was sitting on the bumper of the car, much less try to stand up. He did give her the horizontal gaze and staidness test, which is an eye movement test for drug impairment. He said that, in that 15test, an ink pen is brought in closer to the eyes and the eyes go in and that it is affected by the equilibrium.
Trooper Walters testified next. She stated that she was dispatched to assist Trooper Guidry when he was trying to stop defendant. When Trooper Walters arrived, defendant was leaning against the car for support. When the Trooper asked defendant to step away from the car, she noticed that defendant had a sleepy, confused look, unsure balance and was unable to stand without assistance. Trooper Walters asked defendant to perform the field sobriety tests. She was unable to determine if there was alcohol in defendant’s system from the horizontal gaze and staidness test. Although defendant had “sleepy eyes, droopy eyes”, Trooper Walters did not smell any alcohol. Defendant was unable to perform the one-leg stand or to hold the stance in a walk and turn, which involves placing the left foot in front of the right. Trooper Walters stated that all of the signs of intoxication were present, so defendant was advised of her Miranda rights and arrested. Trooper Walters noted that an inventory of the car disclosed one bottle of Vicodin (16 pills), two bottles of Soma (60 and 10 pills) and one unopened bottle of Zoloft (17 pills).
Trooper Walters stated that she conducted an interview with defendant and that defendant’s speech was slurred. Defendant told the officer that she had taken some of the pills. Defendant said that she had taken two Vicodin and two Somas “... just as I left the probation office ... ”, and that she had taken two Zoloft pills the night before. After being read her Miranda rights, defendant consented to a chemical test for intoxication. A urine test was performed and the contents sent to the crime lab for chemical analysis. The results were not introduced into evidence.
|6The next witness was Hans Wiegtjes (Wiegtjes). He testified that he was returning from Houma around 3:30 p.m.,when he noticed defendant because she was driving very erratically, weaving on and off the highway. He watched defendant for some time and said that she almost hit a person loading a truck and almost failed to stop for a stop light. He thought defendant was going to hit or kill someone so he began looking for a police officer. Wiegtjes also wrote down defendant’s license number. As both drivers got on the 1-310, he saw Trooper Guidry, who had stopped someone going in the other direction.
The state rested its case after this testimony. Defendant then moved for a verdict of acquittal on the DWI charge asserting that the state failed to prove that defendant was intoxicated with alcohol or any controlled dangerous substance listed in La.R.S. 40:964. The court denied the motion and found defendant guilty. He stated that there he did not doubt that defendant was operating the ear under the influence of “some drug”, *244 “something”, “either Schedule III or IV drugs.” This was based on the testimony, defendant’s admissions that she was on medication and the physical evidence.
In order to convict an accused of driving while intoxicated, the State need only prove that defendant was operating a vehicle or other conveyance and that defendant either was under the influence of alcoholic beverages or that he was under the influence of a controlled dangerous substance. La. R.S. 14:98; State v. Fontenot, 408 So.2d 919, 921 (La.1981); State v. Weilbaecker, 534 So.2d 973, 976 (La.App. 5th Cir.1988). Failure to pass a field sobriety test has long been held sufficient evidence to support a conviction of driving while intoxicated. State v. Weilbaecher, 534 So.2d at 976. An officer’s “subjective” opinion determines whether a suspect has passed the “objective” field sobriety test. Id.
|7In this case, defendant admitted taking prescription pain medications, bottles of which were found in the car. Her driving was extremely erratic. She was unable to stand without help, her voice was slurred and she appeared sleepy or drowsy. Defendant clearly failed the sobriety test. Viewing this evidence in the light most favorable to the prosecution, we find that the state proved defendant violated R.S. 14:98.
Accordingly, defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. Defendant also complained that the trial judge failed to rule on and grant her Motion for Post-Conviction bail. We agreed and remanded for a ruling. The trial judge subsequently granted the motion pursuant to La.C.Cr.P. art. 332 C.