785 So.2d 848 (2001)
STATE of Louisiana
v.
Anthony G. BOURGEOIS.
No. 00-KA-1585.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2001.
*850 Kenneth J. Beck, John E. Sudderth, Harvey, for Defendant/Appellant, Anthony G. Bourgeois.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Bradley Burget, Assistant District Attorneys, Gretna, for Plaintiff/Appellee, The State of Louisiana.
Panel composed of EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.

STATEMENT OF THE CASE
On November 18, 1999, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Anthony G. Bourgeois, with third-offense driving while intoxicated ("DWI"), a violation of La. R.S. 14:98(D). On March 2, 2000, defendant was arraigned and entered a plea of not guilty.
On March 27, 2000, defendant filed a motion to suppress confession, motion to suppress evidence, and motion for bill of particulars, discovery and inspection and production of documents. The minute entry dated April 7, 2000 indicates that the state provided open file discovery to the defense.
On June 13, 2000, the state and defendant agreed to present evidence with respect to the motion to suppress confession and hold defendant's trial at the same time, as defendant had waived his right to a jury trial. At the conclusion of the bench trial, the trial court denied defendant's motion to suppress confession, and further found defendant guilty as charged.
On June 23, 2000, the trial court sentenced defendant to two years imprisonment at hard labor, with 18 months suspended and six months of home incarceration. The trial court also placed defendant on two years active probation following his release from home incarceration.
The trial court further imposed the following special conditions of probation on defendant: payment of a $2,000.00 fine as required by La. R.S. 14:98(D); payment of courts costs; payment of a $50.00 monthly *851 probation supervision fee; and payment of a $100.00 Jefferson Parish Commissioner's fee. The trial court also ordered defendant to complete a driver improvement program as directed by the probation department and to submit to a substance abuse evaluation and treatment to be overseen by the probation department. Finally, the trial court ordered the impoundment and sale of the vehicle that defendant was driving at the time of incident, if it was his vehicle, as also required by La. R.S. 14:98(D). This appeal ensued.

FACTS
On September 15, 1999, Brandy Mouton was on her way to work when the vehicle that she was driving was struck from behind. She was rear-ended while she was waiting to turn from Louisiana Highway 23 onto Meadowcrest Boulevard. Although Ms. Mouton was not injured in the wreck, the damage to her vehicle totaled $1,700.00. When Ms. Mouton approached the driver of the other vehicle, she smelled alcohol on his breath from three or four feet away. She also noticed that he slurred his words when he spoke and that he stumbled when he walked. At trial, she identified defendant as the driver of the other vehicle.
Trooper Huey Galmiche of the Louisiana State Police testified that on the morning of September 15, 1999, he investigated a minor traffic accident in front of Meadowcrest Hospital. When he arrived at the accident scene, he observed that the drivers had moved their vehicles out of the lanes of travel and that Ms. Mouton's car was on Meadowcrest Boulevard and that defendant's truck was on the shoulder of Louisiana Highway 23.
While he was investigating the accident, the trooper learned that defendant did not have a driver's license with him because it was suspended. The trooper also noticed that defendant's balance was poor and that he was swaying. The trooper further "detected a strong odor of alcoholic beverage on [defendant's] breath." The trooper asked defendant where he had been and where he was heading. Defendant responded that he had been at work and that he had one beer to drink.
When Trooper Galmiche asked defendant to submit to field sobriety tests, defendant refused. Trooper Galmiche arrested defendant, advised him of his constitutional rights and transported him to the lockup at the Jefferson Parish Prison. Once there, Trooper Galmiche interviewed defendant and advised him of his constitutional rights relative to the chemical test for intoxication. During this interview, defendant stated that he had not been drinking alcohol earlier. Defendant also refused to submit to a breath-alcohol test.
Trooper Galmiche testified that he believed that defendant had been drinking alcohol and that he was alcohol-impaired prior to the accident. He based his belief on several factors, including the fact that defendant hit another vehicle from behind, defendant's lack of balance, the strong odor of alcohol on defendant's breath, defendant's slurred speech, defendant's driving while his license was suspended for a prior DWI, defendant's refusal to take the field sobriety tests, and defendant's refusal to take the breath-alcohol test.
Defendant testified on his own behalf at trial. He admitted that he was involved in a minor traffic accident on September 15, 1999. Defendant testified that another driver pulled in front of him in traffic and he ran into that vehicle. He testified that while they were waiting for the police to arrive, he stayed at least ten or fifteen feet away from the driver of the other car. Defendant also testified that he was nervous when the police arrived because he had a suspended license and he knew he *852 "shouldn't have been driving." He testified that the state trooper did not get closer than "a truck length across, maybe four feet" from him until the trooper handcuffed him.
Defendant testified that he told the trooper that he had not been drinking that day. He explained that he refused to submit to the field sobriety test because he was "embarrassed taking something like that." Also, since he had taken the test before, he knew that he could not perform "that second one" because his balance was "way off." He testified that as the result of an equilibrium problem which was diagnosed in 1984, "I can't hold my leg up." He testified that he also informed the state trooper about his hearing loss which causes him to "talk low sometimes" and to have to ask people to repeat themselves. Finally, he refused the breath-alcohol test because he "didn't feel guilty enough to take the test."
At trial, the state also introduced evidence, including the bill of information, minute entry, fingerprints, and Boykin forms, of defendant's two previous DWI convictions.

DISCUSSION
In his first assignment of error, defendant argues that his inculpatory statement at the scene of the accident was elicited in violation of the Constitutions of the United States and the State of Louisiana, and that the trial court erred in failing to suppress his statement. This argument concerns defendant's statement to Trooper Galmiche that he had one beer on the morning of the accident. He contends that his inculpatory statement was made while he was being detained, but before he was informed of his right to remain silent, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
This Court has previously addressed this issue in State v. Pomeroy, 97-1258 (La.App. 5 Cir.5/13/98), 713 So.2d 642. In Pomeroy, the defendant hit a parked van. When a police officer approached the defendant after the accident, the officer detected the smell of alcohol. The police officer asked defendant if he had been drinking alcohol, and defendant stated that he had four beers. On appeal, the defendant moved to suppress the allegedly inculpatory statement as a statement made during a custodial interrogation, in which he was not advised of his Miranda rights.
The Pomeroy court, relying on the United State Supreme Court's reasoning in Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), held that the roadside questioning of a motorist pursuant to a routine traffic stop does not constitute custodial interrogation sufficient to trigger an advisal of rights as required by the Miranda rule. The defendant was not subjected to custodial interrogation and, thus, the fact that the officer did not advise defendant of his Miranda rights before speaking to him did not violate his constitutional right against self-incrimination.
In the matter before us, we likewise find that the trooper was not required to advise defendant of his Miranda rights before questioning him at the scene of the traffic accident, and the trial court therefore did not err in denying defendant's motion to suppress confession.
In his second assignment of error, defendant asserts that the evidence was insufficient to convict him of the thirdoffense DWI. Defendant argues that the testimony indicates that at the scene of the accident, he was able to communicate clearly, to sign his name clearly, and to stand without assistance. He further contends that his nervousness and two medical conditions contributed to his unsteady *853 balance and miscommunication with Trooper Galmiche.
In order to convict an accused of driving while intoxicated, the state need prove only that the defendant was operating a vehicle and that he was under the influence of alcohol or drugs. State v. Richoux, 98-374 (La.App. 5 Cir.5/26/98), 714 So.2d 241, 242. In this matter, there is no dispute that defendant was operating a vehicle. Further, the state proved the existence of the two predicate DWI convictions. On appeal, defendant only challenges whether the state proved that he was under the influence of alcohol.
The constitutional standard for evaluating the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all of the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When circumstantial evidence is used to prove the commission of an offense, La. R.S. 15:438 requires that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a separate test to be applied when circumstantial evidence forms the basis of a conviction. All evidence, both direct and circumstantial, must be sufficient to satisfy a rational trier of fact that defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930.
Intoxication with its attendant behavioral manifestations is an observable condition about which a witness may testify. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. Hendon, 94-0516 (La.App. 1 Cir.4/7/95), 654 So.2d 447, 449.
At trial, Brandy Mouton testified that she smelled alcohol on defendant's breath from four feet away. She also stated that he slurred his words when he spoke and he stumbled when he walked. Trooper Galmiche testified that he believed that defendant was alcohol-impaired because his balance was unsteady, he emanated a strong odor of alcohol, his speech was slurred, he had just rear-ended another vehicle, his license was suspended for a prior DWI conviction and defendant refused field sobriety and breath-alcohol tests. Further, defendant initially admitted to Trooper Galmiche that he had consumed alcohol prior to the accident.
As noted, defendant's testimony conflicted with the two other witnesses who testified at trial. Defendant testified that he had not been drinking alcohol prior to the accident and that he had equilibrium and hearing problems which led Ms. Mouton and Trooper Galmiche to believe he was alcohol-impaired.
Where there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of witnesses will not be reweighed on appeal. State v. Rowan, 97-0021 (La.App. 5 Cir.4/29/97), 694 So.2d 1052, 1056. Further, the Jackson standard does not serve as a vehicle for a reviewing court to second guess the rational credibility determinations of the fact finder at trial. State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291, 1293.
*854 In the matter before us, after considering the credibility of the witnesses and weighing the evidence, the trial court accepted the testimony of Trooper Galmiche and Brandy Mouton and rejected defendant's testimony that he had not been drinking alcohol that morning. Based on the foregoing, and upon viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found that the state proved all of the essential elements of the crime beyond a reasonable doubt. Therefore, defendant's second assignment of error lacks merit.
In his third and fourth assignments of error, defendant complains that the trial court erred in overruling his objection to the state's re-direct examination of Trooper Galmiche, and that the trial court erred by improperly taking judicial notice of venue. These two assignments address a portion of the re-direct examination of Trooper Galmiche when the state asked the trooper to identify the specific parish where the accident took place. Defense counsel objected, and Trooper Galmiche was allowed to testify that the accident took place in Jefferson Parish. Thereafter, the trial court stated that it "can take judicial notice of the streets anyway."
We are not persuaded by defendant's arguments in his final two assignments of error. Upon review of the trial transcript, we find that the re-direct examination concerning the location of the accident was properly allowed by the trial court, as Trooper Galmiche testified in response to a question on cross-examination that Ms. Mouton's car was "on Meadowcrest Boulevard, and Mr. Bourgeois' truck was on the shoulder on an angle coming off Louisiana 23."
We further find that the trial court acted within the discretion granted by La. C.E. 611(A) in allowing the re-direct questions. The scope of re-direct examination of a witness is governed by La. C.E. 611(D), which states:
A witness who has been cross-examined is subject to redirect examination as to matters covered on cross-examination and, in the discretion of the court, as to other matters in the case. When the court has allowed a party to bring out new matter on redirect, the other parties shall be provided an opportunity to recross on such matters.
Redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial court, provided that the opportunity be not denied to recross on the new matter brought out on redirect. State v. Billiot, 94-2419 (La.App. 1 Cir.4/4/96), 672 So.2d 361, 372.
In addition to Trooper Galmiche testifying on re-direct that the accident took place in Jefferson Parish, both Ms. Mouton and Trooper Galmiche testified on direct and cross-examination that the accident took place on Meadowcrest Boulevard at Louisiana Highway 23, near Meadowcrest Hospital. The trial court's statement that he can take judicial notice of the streets is irrelevant, as it had already been properly established where the accident took place. Defendant's third and fourth assignments of error therefore lack merit.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent. Upon review, we note that defendant received an illegally lenient sentence. The trial court did not impose the mandatory restriction that at least six months of the imposed sentence "shall be without benefit of probation, parole, or suspension of sentence," in accordance *855 with La. R.S. 14:98(D)(1). Additionally, it does not appear from the record that the trial court determined that defendant was eligible for home incarceration, as required by the statute. According to La.C.Cr.P. art. 894.2(J), a defendant convicted of a second or subsequent DWI is not eligible for home incarceration until that defendant has served a minimum of forty-eight consecutive hours imprisonment. Although the sentence is illegally lenient, the state neither objected to the sentence in the trial court nor raised the issue on appeal. This Court will not amend or set aside an illegally lenient sentence on its own motion. State v. Fraser, 484 So.2d 122, 124 (La.1986); State v. Pickett, 99-0532 (La.App. 5 Cir.10/26/99), 746 So.2d 185, 190.
Accordingly, for the foregoing reasons, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.