811 So.2d 994 (2002)
STATE of Louisiana
v.
Donald EVANS and John W. Ross.
No. 01-KA-1148.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Richard R. Pickens II, Gordon R. Konrad, Assistant District Attorney, Gretna, LA, Counsel for State.
Frank Sloan, Covington, LA, Counsel for defendants-appellants.
Court composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
*995 CLARENCE E. McMANUS, Judge.
In this matter, we affirm the convictions, based on guilty pleas, and sentences of Defendants herein, but remand the matter so that Defendants may be properly advised under LSA-C.Cr.P. art. 930.8(A), and so that one noted patent error may be corrected.

STATEMENT OF THE CASE
Defendants, Donald Evans and John Ross, were charged in a bill of information on October 25, 1999, with twelve counts of theft by fraud in violation of LSA-R.S. 14:67. In addition, Defendant Evans was charged with one count of false personation of a police officer in violation of LSA-R.S. 14:112.1.[1] Defendants initially pled not guilty and filed several pre-trial motions. However, Defendants subsequently pled guilty as charged to all counts.
Defendant Evans was sentenced to two years for the false personation of a police officer conviction, which was suspended in favor of two years of active probation. He was additionally sentenced to ten years on each of the twelve counts of theft, which was suspended in favor of five years of active probation. His sentences were ordered to run concurrently. Defendant Ross was likewise sentenced to ten years on each of the twelve counts of theft; the sentence was suspended in favor of five years of active probation. Defendant Ross's sentences were also ordered to run concurrently.

FACTS
Defendant Evans owned a used car dealership, Mickey's Auto Sales, where Defendant Ross worked as a salesman. Between March 1998 and September 1999, Defendants engaged in conduct wherein they either illegally repossessed automobiles sold to customers, or refused to return a customer's deposit despite failing to deliver the vehicle to the customer.
In particular, in count two, Defendants sold the victim a Mustang for $2,000.00 with a payment plan. The engine in the Mustang failed a few weeks later, but Defendants refused to fix it. And, after his temporary tag expired, when the victim returned to Mickey's Auto Sales, Defendants took the keys to the car and refused to let the victim leave with it.
In count six, the victim bought a vehicle from Mickey's Auto Sales. However, the vehicle broke and the victim wanted her money back. Defendants refused to return her money.
In count nine, the victim gave Defendants a $1,100.00 deposit to hold a $2,700.00 truck for him. When the victim returned for the truck, the vehicle was no longer on the lot and Defendants refused to return his deposit.
In the remaining counts, Defendants repossessed the victims' vehicles without proper adjudication.

ASSIGNMENT OF ERROR NUMBER ONE
Defendants' sole assignment of error is that they were not properly advised of the prescriptive period within which to file for post-conviction relief. Defendants assert they were advised they had two years from the date of sentencing to file for post-conviction relief, rather than being correctly advised that the two-year period *996 does not begin to run until their sentences and convictions become final. Therefore, Defendants request that the trial judge provide them with written notice of the proper prescriptive period for applying for post-conviction relief. The State concedes that Defendants were not properly advised of the time period in which to file for post-conviction relief and agrees with the corrective measure requested by Defendants.
LSA-C.Cr.P. art. 930.8(C) mandates that the trial court advise a defendant of the prescriptive period for post-conviction relief. LSA-C.Cr.P. art. 930.8(A) provides that a defendant has two years from the date his conviction and sentence are final to apply for post conviction relief, not two years from the sentencing date. State v. Russell, 99-767 (La. App. 5 Cir. 11/30/99), 750 So.2d 1074, 1077.
In the present case, the trial judge advised Defendants at sentencing that they had "two years from today's date to seek post-conviction relief." Thus, the trial court's advisal was erroneous.
In State v. Stelly, 98-578 (La.App. 5 Cir. 12/16/98), 725 So.2d 562, 564, defendant was advised at sentencing that he had "three years from today's date to seek post-conviction relief...." This Court noted that the defendant should have been specifically advised that he had three years after the judgment of conviction and sentence became final.[2] This Court remanded the matter and instructed the trial court to send appropriate written notice to defendant of the exact statement of the law regarding the prescriptive period for post-conviction relief and to file written proof in the record that defendant received the notice.
Therefore, this matter must be remanded, and the district court judge is ordered to send written notice of the proper prescriptive period for post-conviction relief as set forth in LSA-C.Cr.P. art. 930.8, specifically including an advisal of when the period begins to run, within ten days of the rendering of the opinion, and file written proof in the record that Defendants received said notice.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, persuant to LSA-C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note the following.
Defendants' individual commitments show they pled guilty to twelve counts of theft in an amount over $100.00 while the transcript demonstrates Defendants were charged with and pled guilty to twelve counts of theft in an amount over $500.00. Since there are various gradations of theft with different sentences for each, the accuracy of the value of the item stolen is very important. For example, theft in an amount under $300.00 is a misdemeanor, not a felony. LSA-R.S. 14:67(B)(3). Where there is a discrepancy between the transcript and the minute entry or commitment, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Accordingly, on remand, the trial court is ordered to correct this inaccuracy in the commitment.
Therefore, for the above reasons, the convictions and sentences of Defendants herein are affirmed, and the matter is remanded to allow proper notice under LSA-C.Cr.P. art. 930.8(A), and for correction of patent errors.
AFFIRMED; REMANDED FOR NOTICE UNDER LSA-C.Cr.P. art. 930.8(A) *997 AND CORRECTION OF ERRORS PATENT.
NOTES
[1] Defendant Evans was also charged in a separate bill of information, which is not contained in the record before us, with four counts of failure to deliver title of a vehicle. However, though the record shows that that bill was consolidated with the instant matter at one point, the Motion for Appeal filed in this matter does not include reference to the other charges.
[2] At the time the defendant was sentenced in Stelly, the prescriptive period for post-conviction relief was three years. However, in an amendment to LSA-C.Cr.P. art. 930.8, effective August 15, 1999, the prescriptive period was shortened to two years.