817 So.2d 366 (2002)
STATE of Louisiana
v.
Louis J. SIMARD.
No. 01-KA-1373.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 2002.
*368 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Kenneth Bordelon, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS, and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, Louis Simard, appeals his conviction and sentence of third offense of driving while intoxicated pursuant to LSA-R.S. 14:98 D. He was convicted after a trial by the bench. Defendant was subsequently sentenced to serve five years at hard labor. Four of the five years were suspended, and defendant was placed on active probation. The court further ordered the one year incarceration be served without the benefit of probation or suspension of sentence and, additionally, the first six months be served without benefit of parole. Upon release from incarceration, defendant was ordered to complete a one-year residential program at Bridge House and attend three 12-step meetings per week for the remainder of his probation. The court also ordered defendant to pay a $2,000.00 fine.

FACTS
Defendant, Louis Simard, was stopped by a police officer for speeding in Grand Isle, Louisiana. Because the investigating officer detected signs of intoxication, defendant was asked to take a field sobriety test. Defendant admitted he had been drinking and refused the test. He was arrested for driving while intoxicated.
On appeal to this court, defendant argues that the evidence presented at trial was insufficient to support his conviction for driving while intoxicated. Defendant maintains the only evidence of his intoxication was the subjective opinion of an inexperienced police officer who observed him only for a limited time. He asserts that the officer's opinion was not supported by facts sufficient to be credible.
Defendant herein was convicted of a third offense of driving while intoxicated pursuant to LSA-R.S. 14:98 D. To support a conviction under that part of the statute, the State must prove that the defendant was operating a vehicle while under the influence of alcohol or drugs. State v. Bourgeois, 00-1585 (La.App. 5 Cir. 3/14/01), 785 So.2d 848. Additionally, to convict a defendant of driving while intoxicated, third offense, the State must show that the defendant had two other valid convictions. LSA-R.S. 14:98 D.
At trial the State offered certified copies of defendant's prior two convictions for driving while intoxicated. Defendant admitted those convictions during his testimony and does not challenge the prior convictions on appeal. Further, there is no question that defendant was driving the vehicle. Thus, the only element of the crime remaining to be proven is whether the defendant was intoxicated.
The standard for testing the sufficiency of the evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), reh'g denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979).
Intoxication, with its attendant behavioral manifestations, is an observable *369 condition about which a witness may testify. State v. Allen, 440 So.2d 1330, 1334 (La.1983). What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Some behavioral manifestations, independent of any scientific tests such as blood or breath alcohol tests, are sufficient to support a charge of driving while intoxicated. State v. Berkeley, 00-1900 (La.App. 5 Cir. 5/31/01), 788 So.2d 647, 652; State v. Pitre, 532 So.2d 424 (La.App. 1 Cir.1988), writ denied, 538 So.2d 590 (La.1989); State v. Holley, 32,156 (La.App. 2 Cir. 8/18/99), 742 So.2d 636. The observations of an arresting officer may be sufficient to establish guilt. State v. Allen, supra.
In the present case, defendant refused to submit to a field sobriety test and a breath-alcohol test. According to the arresting officer, Keeland Cheramie, defendant refused the field sobriety test after stating he could not pass it and refused the intoxilizer after stating he knew about the test, that the tests were too sensitive, and his attorney had advised him not to take it. Officer Cheramie, who had been employed as a police officer for nine months prior to the stop, testified that defendant had a staggered walk, was unsteady in his balance while standing still, had slurred speech and emanated a strong odor of alcohol. Defendant testified at trial and admitted consuming three and a half 16 oz. beers earlier in the day, but denied he was drunk.
Defendant's fiancee, Joy Duffourc, was a passenger in the vehicle at the time of the stop. She testified that defendant has a speech impediment which causes him to stutter. Ms. Duffourc further testified that defendant did not stagger at any time during the traffic stop which lasted approximately five minutes before defendant was handcuffed. Another witness to the traffic stop, Christine Parks, also testified defendant was walking straight and was not staggering. Ms. Parks stated she was on her front porch waiting for defendant and Ms. Duffourc to arrive at her house when she witnessed the traffic stop.
In State v. Landry, 463 So.2d 761 (La. App. 5 Cir.1985), writ denied, 464 So.2d 1373 (La.1985), this court noted that while a "subjective" field sobriety test was not given, defendant exhibited many of the same physical traits that would have manifested themselves had he attempted to perform the field sobriety test. We also explained that a field sobriety test gauges a subject's responses according to the performance of certain physical tasks such as walking in a straight line, standing on one foot, touching a finger to the point of the nose and speaking distinctly in a coherent manner. The field sobriety test provides an "objective" criteria upon which an officer can base his belief that a subject is intoxicated while acknowledging that it is the officer's subjective opinion that determines whether a suspect has passed the test. In State v. Landry, supra, this court determined that defendant's behavior of staggering, leaning on the car for support, slurring his speech and smelling of alcohol were the same physical traits which the field sobriety test was designed to uncover. Since the failure to pass a field sobriety test has been held to be sufficient evidence to support a conviction of driving while intoxicated, we concluded defendant's exhibition of these traits, even outside an "objective" field sobriety test, was sufficient evidence to support his conviction for driving while intoxicated.
Defendant also questions Officer Cheramie's expertise in judging whether defendant was intoxicated because of the officer's lack of experience. The testimony shows that Officer Cheramie had been on the job for about nine months at the time *370 of the traffic stop. Officer Cheramie received his training at the Louisiana State University Basic Training Academy which included training in field sobriety tests. Additionally, Officer Cheramie was certified to administer the intoxilizer, a certification he obtained from the Lafourche Parish Academy.
In the present case, the trial court was confronted with conflicting facts about defendant's walking ability at the time of the traffic stop. Additionally, the trial court was offered an explanation other than intoxication for defendant's stuttering. The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of credibility of the witnesses, it is a matter of the weight of the evidence and not the sufficiency of the evidence. State v. Brooks, 00 106 (La.App. 5 Cir. 9/26/00), 769 So.2d 1242, 1245.
Viewing the evidence in a light most favorable to the prosecution, there is sufficient evidence that defendant was driving while intoxicated. This assignment of error is without merit.
In his second assignment of error, defendant maintains that the trial court erred in extrapolating defendant's blood alcohol level at the time of the present offense by relying on defendant's blood alcohol level in a prior driving while intoxicated conviction. Defendant contends the trial court found him guilty based on its unscientific, untested and unprecedented extrapolation of his blood alcohol level. The State concedes the portion of the trial court's conclusion relating to defendant's blood alcohol level was unscientific but argues the trial court's ultimate determination of defendant's guilt is supported by the record.
In finding defendant guilty of driving while intoxicated, the trial court stated in part the following reasons:
So basically, the testimony is that the fair inference is that the defendant continued drinking from the time he left the house at 10:30 until the time he left the rodeo at somewhere around 2 or 3 o'clock, 2:30 or 3 o'clock, and consumed, 48 and 8, in excess of 50 ounces of beer. The defendant's testimony is that in 1996, I believe it is, at the time of the second D.W.I., he says that he drank two 16 ounce beers and was thereafter stopped, stopped because he was helping somebody on the side of the road and at that time he blew drunk.
Now, we can extrapolate and say well, if the defendant is accurate, there was a break from the time he consumed 56 ounces of beer and the time he got picked up. If we extrapolate back to 32 ounces of beer and a stop blowing drunk, and 56 ounces of beer and a break of about an hour and a half, I find that beyond a reasonable doubt the defendant was drunk at the time he was stopped, or he would have met the .10 limit.
Despite the trial court's conclusion that defendant would have met the .10 limit for blood alcohol level under LSA-R.S. 14:98(A)(b), the record is completely devoid of any such evidence. In particular, defendant refused all scientific tests designed to measure his blood alcohol level at the time of the present offense. Whether a person's blood alcohol level can be determined without his submission to scientific tests and, more specifically, whether a person's blood alcohol level can be inferred from a prior scientific test performed four years earlier, clearly requires expert testimony. LSA-C.E. art. 702 provides:

*371 If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
The record does not contain any expert opinion relating to defendant's blood alcohol level at the time of the present offense. As such, there is no evidence that supports the trial court's extrapolation of defendant's blood alcohol level.
While the trial court relied on facts not in evidence, the error is harmless. The State is not required to prove a defendant had a blood alcohol level of .10% or more in order to convict him of driving while intoxicated. Rather, the State need only prove a defendant was intoxicated. A blood alcohol level of .10% merely entitles the State to a presumption of intoxication, but it is not the only proof of intoxication. State v. Corvers, 94-387 (La.App. 5 Cir. 11/16/94), 646 So.2d 1125, 1129. As explained in assignment of error number one, intoxication with its attendant behavioral manifestations is an observable condition about which a witness may testify. As discussed above, there is sufficient evidence in the record to support a finding that defendant was intoxicated based on the physical traits observed by the police officer at the time of the stop. Thus, the trial court's determination of defendant's blood alcohol level, while clearly improper, was irrelevant.
In the final assignment of error, defendant requests a review of the record for patent errors. We have conducted such a review in accordance with LSA-C.Cr.P. art. 920 and find that the minute entry of sentencing incorrectly states the sentence imposed on defendant by the trial court. The minute entry states that the "first six (6) months of the sentence is to be without the benefit of probation or suspension." Pursuant to LSA-R.S. 14:98 D, the restriction on benefits for the first six months of the sentence also includes parole.[1] However, the transcript shows that the defendant was sentenced properly. Further, the minute entry does not reflect the restriction of the benefits of probation and suspension of sentence on the first year of the sentence. When there is a discrepancy between the transcript and the minute entry or commitment, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Accordingly, the trial court is ordered to correct the minute entry to properly reflect the sentence as ordered by the trial court. State v. Evans, 01-1148 (La.App. 5 Cir. 2/26/02), 811 So.2d 994.
For above reasons, the conviction and sentence are affirmed and the matter is remanded to the trial court for correction of the minute entry reflecting defendant's sentence.
AFFIRMED AND REMANDED.
NOTES
[1] We note that this statute has been changed by the legislature, however, the changes are not yet in effect.